# In the United States Court of Federal Claims

**No. 08-0207V**
Filed: December 20, 2013
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
XIANGDONG HE and BEE TAN,              *
as parents and legal representatives of  *
ENOCH HE, a minor,                     *
                                       *
                                       *    Autism; Attorneys' Fees and Costs
              Petitioners,             *
                                       *
       v.                              *
                                       *
SECRETARY OF HEALTH AND                *
HUMAN SERVICES                         *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING ATTORNEYS' FEES AND COSTS [1]

On December 20, 2013, the parties filed a Stipulation of Facts Concerning Attorneys' Fees and Costs. After informal discussions, the parties have agreed on $11,837.00 in attorneys' fees and costs. In lieu of filing a Vaccine General Order #9 statement, petitioners' counsel represents that petitioners personally incurred no costs that are compensable under § 15 (e)(1).

**The request for attorneys' fees and costs is granted.** Petitioners are awarded reasonable costs pursuant to §§ 15(b) and (e)(1), as I find that the filing of the petition was in good faith and upon a reasonable basis, and the amount requested is reasonable and appropriate.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

**Pursuant to §15(e), I award a lump sum of $11,837.00[2] to be paid in the form of a check payable jointly to the petitioners and petitioners' counsel, Sean Greenwood.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Denise K. Vowell
Denise K. Vowell
Chief Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Dep't Health and Human Services, 924 F.2d 1029 (Fed. Cir.1991).

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. See Vaccine Rule 11(a).